## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY (TRENTON VICINAGE)

| | |
|---|---|
| **DUNKIN' DONUTS FRANCHISING, LLC,  DD IP HOLDER LLC, and DB REAL ESTATE ASSETS I, LLC**<br><br>**Plaintiffs,**<br><br>**- vs. -**<br><br>**SEA SHORE DONUTS, INC., PENNY COLE, and RICHARD COLE,**<br><br>**Defendants.** | **C.A. NO.: _____** |

## CIVIL ACTION - COMPLAINT

This is an action for breach of the franchise agreements awarded by Plaintiffs to Defendants and its personal guarantors.  Plaintiffs seek monetary judgments against Defendants to recover the unpaid financial obligations due under their franchise agreements and remodel agreement, a judgment for possession, and injunctive relief against Defendants' operation.

## PARTIES

1.      Plaintiff Dunkin' Donuts Franchising, LLC, the successor in interest to Dunkin' Donuts Incorporated ("Dunkin'"), is a Delaware limited liability company with its principal place of business in Canton, Massachusetts.  Dunkin' is engaged in the business of franchising independent business persons to operate "Dunkin' Donuts" shops throughout the United States. Dunkin' franchisees are licensed to use trade names, service marks, and trademarks of Dunkin' and to operate under the Dunkin' system, which involves the production, merchandising, and sale of donuts and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, standards, specifications, proprietary marks and identification.

2.      DD IP Holder, LLC ("Holder") is a Delaware limited liability company with its principal place of business in Massachusetts and is the registrant of famous DUNKIN' DONUTS

4832-4293-4051.1

trademarks, serial number 76266479, for example, at the United States Patent and Trademark Office. Holder is the owner of other intellectual property licensed to its affiliates, which in turn sublicense intellectual property to its franchisees.

3.          DB Real Estate Assets I, LLC ("DB Real Estate") is a Delaware limited liability company with its principal place of business in Canton, Massachusetts, and is the sublandlord of the Dunkin' Donuts Shop PC No. 301108, with an address at 146 Rte. 37 East, Toms River, New Jersey (the "Rte. 37 Premises"), pursuant to a Sublease dated Nov 25, 1969, as renewed.

4.          Business entity Defendant SEA SHORE DONUTS, INC., is a New Jersey limited liability company with its principal place of business in New Jersey and is the operator and tenant of the Dunkin' Donuts Shop PC No. 301108 located at the Rte. 37 Premises, pursuant to a Franchise Agreement dated August 27, 2003 (the "Route 37 Franchise Agreement") and of the Dunkin' Donuts Shop PC No. 344283 located at 101 Washington Street, Toms River, New Jersey, pursuant to a Franchise Agreement dated July 16, 2009 (the "Washington Street Franchise Agreement").

5.          Individual Defendants PENNY COLE and RICHARD COLE are citizens and residents of the State of New Jersey, the owners of entity Defendant, and personally guaranteed and agreed to perform the obligations under the Franchise Agreement.

## VENUE AND JURISDICTION

6.          Jurisdiction is also based on 28 U.S.C. §§ 1331 and 1338 as this action deals with trademark infringement.  The court has supplemental jurisdiction over the state law claims of contract breach.

7.          Venue is properly in this District pursuant to 28 U.S.C. § 1391(b).

8.          This Court has *in personam* jurisdiction over Defendants because they are residents of this District who also conduct business in this District.

4832-4293-4051.1

**The Parties' Rights and Obligations Under the Franchise Agreement**

9.      Dunkin' and entity Defendant entered into Franchise Agreements for the locations.

10.     Pursuant to the Franchise Agreements, entity Defendant agreed to operate Dunkins' trade names, trademarks, trade dress, proprietary marks, as well as the Dunkin' system.

11.     Individual Defendants also executed a personal guarantee under which they agreed to perform and be bound by the obligations of entity Defendant under each Franchise Agreement.

12.     Entity Defendant is licensed to use the Dunkin' trade name and trade dress in accordance with the terms of the Franchise Agreement.

13.     Under the terms of the Franchise Agreement, entity Defendant agreed to do certain things, including accurately reporting on an approved form each week gross sales for the preceding calendar week, at which time all fees required to be paid were to be remitted (Paragraph 5.2.1).

14.     The Franchise Agreement executed by entity Defendant also contains acknowledgments and agreements by Defendant concerning the continued use of Dunkin's proprietary marks or any methods associated with the name "Dunkin'" after the termination of the Franchise Agreement.

15.     The applicable paragraphs of the Franchise Agreement include that:

> FRANCHISEE acknowledges that Franchisors own a registered trademark; that said mark has been and is being used by their franchisees and licensees and that upon any termination or expiration of the Franchise;

> FRANCHISEE shall immediately cease to use, by advertising or in any other manner whatsoever, any feature or method associated with the Franchisor's System.

16.     Pursuant to the Franchise Agreement, entity Defendant agreed it would pay to Franchisor all damages with interest, costs and expenses, including reasonable attorneys' fees,

incurred by reason of any failure to make payments when due, failure to cure a default, or termination of any Franchise Agreement.

## The Parties' Rights and Obligations Under the Remodel Agreement

17.     Entity Defendant subleases the Rte. 37 Premises from Dunkin' (the "Rte. 37 Sublease").

18.     On March 22, 2012, entity Defendant entered into an agreement with Dunkin' for the remodeling of the Rte. 37 Premises (the "Remodel Agreement").

19.     Pursuant to the Remodel Agreement, Dunkin' agreed to remodel (including adding a drive thru) and equip (including providing and installing an electronic information system, furnishings, interior and exterior signage, menu boards, and a drive-thru system) the Rte. 37 Premises.  (Remodel Agreement, Exhibit A, § 1.)

20.     The Remodel Agreement provided that all leasehold improvements and exterior signage remained Dunkin's property (Remodel Agreement, Exhibit A, § 1) and that title to all new equipment would transfer to entity Defendant upon its full payment of the amount due under the Remodel Agreement (*id.*, § 2A).

## Defendants' Defaults Under the Agreements

21.     Subsequent to entering to the Remodel Agreement, entity Defendant failed to make certain franchise and rent payments due pursuant to the Franchise Agreements and Rte. 37 Sublease.

22.     On February 19, 2014, Dunkin' sent entity Defendant notices to cure its defaults. These notices stated, "[T]his Notice shall serve as sixty (60) days prior written notice that Dunkin' Brands intends to terminate your franchise for your failure to report gross sales and to make the following payments through February 18, 2014 . . . ."

23.     Entity Defendant failed to cure its breaches within seven days.

4832-4293-4051.1

24. Entity Defendant thereafter was notified in writing that it failed to cure within the cure period and that termination would be effective 60 days from notice of the default.

25. The Rte. 37 and Washington Street Franchise Agreements and the Rte. 37 Sublease were terminated effective April 20, 2014.

26. Entity Defendant filed Chapter 11 bankruptcy before the termination could be enforced; however, that bankruptcy was recently dismissed.

27. After the bankruptcy was dismissed, a supplemental notice of termination was issued on the basis of insolvency.

28. Entity Defendant was also obligated to enter into amendments to its Rte. 37 Franchise Agreement (the "Amended Franchise Agreement") and the Rte. 37 Sublease (the "Amended Rte. 37 Sublease").

29. Entity Defendant has been tendered but has not executed the Amended Franchise Agreement and Amended Rte. 37 Sublease.

30. As agreed in the Remodel Agreement, Dunkin' completed the remodel and installation of the drive-thru in late 2014.

31. Pursuant to the Remodel Agreement, entity Defendant was obligated to pay Dunkin' $298,975.00, but has failed to do so.

## COUNT I
### (Breach of Franchise Agreements) (On behalf of Plaintiffs against all Defendants)

32. Defendants are in default pursuant to the Franchise Agreements as a result of the failure to make certain franchise and rent payments due pursuant to the Franchise Agreements and Rte. 37 Sublease, and each Defendant is jointly and severally liable under the Franchise Agreements under either the terms of the Agreement, or under the language of the personal guaranty.

33. As a direct and proximate result of these breaches, Dunkin' has incurred and is likely to incur substantial losses, fees, and expenses.

4832-4293-4051.1

## COUNT II
### (Breach of Remodel Agreement) (On behalf of Plaintiffs against all Defendants)

34.        Defendants are in default pursuant to the Remodel Agreement as a result of the

failure to pay Dunkin' for the remodel and installation of the drive-thru.

35.        As a direct and proximate result of this breach, Dunkin' has incurred and is likely

to incur substantial losses, fees, and expenses.

## COUNT III
### (Trademark Infringement) (Plaintiffs v. Defendants)

36.        The preceding allegations are hereby incorporated by reference.

37.        The franchise agreements of Defendants are terminated.

38.        Defendants' post-termination use of the Dunkin' Donuts trademarks, trade name,

and trade dress is likely to confuse or deceive the public into believing, contrary to fact, that their

shops are licensed, franchised, sponsored, authorized, or otherwise approved by Dunkin' or is in

some other way connected or affiliated with Dunkin'.  Such unlicensed use infringes on

Plaintiffs' exclusive rights in the trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

39.        Defendants' acts were done knowingly and intentionally to cause confusion, or to

cause mistake, or to deceive.

40.        As a result of Defendants' actions, Plaintiffs have suffered and are continuing to

suffer irreparable injury, and have incurred and are continuing to incur monetary damage in an

amount that has yet to be determined.

## COUNT IV
### (Unfair Competition) (Plaintiffs v. Defendants)

41.        The preceding allegations are hereby incorporated by reference.

42.        Defendants' use of Plaintiffs' trademark, trade name, and trade dress after the

termination of the Franchise Agreement is likely to cause confusion, or to cause mistake, or to

deceive as to the origin, sponsorship, or approval of their goods, services, or commercial

4832-4293-4051.1

activities.  Such continued unauthorized use of Plaintiffs' trademark and trade name violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

44.     As a result of Defendants' actions, Plaintiffs' have suffered and are continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary damage in an amount that has yet to be determined.

**COUNT V**
**(Enforcement of Restrictive Covenant)  (Dunkin' v. Defendants)**

45.     The preceding allegations are incorporated by reference herein.

46.     Each franchise agreement at paragraph 8 provides certain restrictions on Defendants' activities:

> **During the term of this Agreement, including any extension or renewal thereof, and for a period of two (2) years after expiration or termination of this Agreement, regardless of the cause of termination neither FRANCHISEE, nor any partner, officer, director, shareholder or member of FRANCHISEE, as the case may be, shall:**
>
> **… own, maintain, engage in, be employed by, or have any interest in any other business which sells or offers to sell the same or substantially similar products to the type FRANCHISOR requires to be offered by FRANCHISEE at the Unit; provided that, during the Post-Term Period only, the provisions of this paragraph 8.0.3 shall not apply to another business located more than five (5) miles from this or any other unit operating under the same Proprietary Marks of FRANCHISOR.**

47.     Plaintiffs will be immediately and irreparably harmed by violation of these activity restrictions as Defendants' violation will usurp the good will associated with the proprietary marks and confidential information contained and used in Plaintiffs' franchise systems at this location.

WHEREFORE, Plaintiffs request that this Court:

A.     Award Plaintiffs' judgment against Defendants for the damages Plaintiffs' have sustained and the profits Defendants have derived as a result of their trademark infringement and

4832-4293-4051.1

unfair competition, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

B.      Enter an order enjoining Defendants, and all those acting in concert with them, by preliminary and permanent injunction, from using Plaintiffs' trademark, trade name, good will and trade dress, and from otherwise engaging in unfair competition with Plaintiffs at this location;

C.      Enter an order directing Defendants to comply with all obligations of a franchisee upon termination of the franchise, as provided in the Franchise Agreement;

D.      Award judgment in favor of Plaintiffs and against Defendants for possession of the retail outlet at 146 Rte. 37 East, Toms River, New Jersey.

E.      Award Plaintiffs' prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

F.      Award Plaintiffs costs and attorneys' fees incurred in connection with this action;

G.      Award Plaintiffs such other relief as this Court may deem just and proper.

Respectfully submitted,

**NIXON PEABODY LLP**

By: s/ Craig R. Tractenberg
     Craig R. Tractenberg (CT 6759)
     437 Madison Avenue
     New York, NY 10022
     (212) 940-3722

     Attorneys for Plaintiffs,
     Dunkin' Donuts Franchising, LLC, DD IP
     Holder LLC, and DB Real Estate Assets I, LLC

Dated:  May 22, 2015

4832-4293-4051.1